IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |
|---|---|
| AUCTION MANAGEMENT SOLUTIONS, INC., | : : : : |
| Plaintiff, | : : |
| v. | : CIVIL ACTION NO. : 1:05-CV-0639-RWS |
| MANHEIM AUCTIONS, INC., et al., | : : |
| Defendants. | : : : |

## **ORDER**

Now before the Court are Defendants' Motion to Amend Counterclaims in Light of Newly Discovered Evidence [253, 254]; Motion to Intervene for Limited Purpose of Filing by December 9, 2005 a Brief in Response to Docket No. 253 [267] by BidSoft, LLC and Auction Broadcasting Company, LLC; and Plaintiff's First Motion for Protective Order Regarding Timing and Scope of Deposition of Plaintiff AMS under FRE 30(b)(6) [120]. After considering the entire record, the Court enters the following Order.

As a preliminary matter the Motion to Intervene for Limited Purpose of Filing by December 9, 2005 a Brief in Response to Docket No. 253 [267] by BidSoft, LLC and Auction Broadcasting Company, LLC is **GRANTED nunc pro tunc**.

**I. Manheim's Motion for Leave to Amend**

**A. Background**

On March 8, 2005, Auction Management Solutions, Inc. ("AMS") filed suit against Manheim Auctions, Inc. alleging, inter alia, infringement of U.S. Patent No. 6,813,612 ("the '612 Patent") and a trademark associated with the OnLine Ringman system, U.S. Registration No. 2,622,726 ("the OnLine Ringman Mark"). On April 18, 2005, Manheim Auctions answered and counterclaimed seeking a declaration of noninfringement, invalidity, and unenforceability. Thereafter, Manheim Auctions sought, and was granted, leave to file an Amended Counterclaim asserting that AMS had infringed U.S. Patent No. 5,774,873 ("the '873 Patent") and to add Manheim Services, Inc., the assignee of the '873 patent, as a party to this action. Defendant Manheim Auctions, Inc. and Counter-claimant Manheim Services, Inc. (collectively

2

"Manheim") now seek leave, based on newly discovered evidence, to amend their patent infringement counterclaim to join Auction Broadcasting Company, LLC ("ABC") and BidSoft, LLC as additional counterclaim defendants. Specifically, Manheim alleges that AMS maintains an intimate relationship with BidSoft and ABC, and that "AMS has collaborated with BidSoft and ABC in activities that infringe [the '873 patent]."  (Mot. for Leave to Amend [254] at 1-2.)  AMS opposes the addition of ABC on grounds of undue and prejudicial delay; BidSoft and ABC oppose the motion on grounds of undue and prejudicial delay and futility.

The relationship between AMS, BidSoft, and ABC is complex. Nevertheless, a brief discussion of their relationship is necessary to the proper resolution of the instant Motion.

1.  AMS

AMS, the initial Plaintiff in this action, is a Florida corporation jointly owned and operated by Nancy Rabenold and James Simmons since 1996. AMS is the apparent owner of all right and interest in the '612 patent and the holder of a non-exclusive, terminable license in the OnLine Ringman Mark and software product.  AMS serves as the exclusive sales and marketing

representative, support service provider, and business operations manager for the OnLine Ringman product line.

 2.  BidSoft

BidSoft is an Indiana limited liability company jointly owned by AMS, which holds a 28% interest, and AMS Investors, LP, which holds the remaining 72% interest.  AMS Investors, in turn, is a limited partnership comprised of Ms. Rabenold, the sole general partner and owner of a 0.01% interest, Martin McFarland, the former chief executive officer of ABC and owner of a 6.94% interest, and Eagle Investments I, LLC ("Eagle"), owner of the remaining 93.05% interest and sole capital contributor.

 3.  Eagle Investments I, LLC

Eagle is an Indiana limited liability company.  Its members consist of, at least, Michael Hockett, the chairman and chief executive officer of ABC, Jerry Williams, a former board member and in-house counsel for ABC and present outside counsel for ABC, and Larry Wechter.  Additionally, Eagle granted to ABC 4,049,260 "non-voting, redeemable preferred units" in Eagle in return for a capital contribution, which "when added to Eagle's initial investments, have

4

funded technology investments that have been used [by,] and [are] useful to[,] ABC and others in the auction business."

### 4. ABC

ABC is an Indiana limited liability company which is apparently a direct competitor of Manheim in the automobile auction industry.  Both it and, as noted above, its CEO Michael Hockett, are members of Eagle.

### B. Analysis

Pursuant to Federal Rule of Civil Procedure 15(a), after a responsive pleading has been filed, a party may amend his pleading only by leave of court or written consent of the adverse party.  The rule goes on to provide, "leave shall be freely given when justice so requires."  But, granting leave to amend is not automatic.  Faser v. Sears, Roebuck & Co., 674 F.2d 856, 860 (11th Cir. 1982); see also Underwriters at Interest on Cover Note JHB92M10582079 v. Nautronix, Ltd., 79 F. 3d 480, 484 (5th Cir. 1996) ("approval of motion to amend is not automatic"); Ashe v. Corley, 992 F. 2d 540, 542 (5th Cir. 1993) (same).  Rather, district courts have "extensive discretion" in deciding whether to grant leave to amend and may choose not to allow a party to do so "when the

5

amendment would prejudice the defendant, follows undue delays or is futile." Campbell v. Emory Clinic, 166 F.3d 1157, 1162 (11th Cir. 1999).

1.  Addition of BidSoft

The Court finds the amendment and addition of BidSoft to this action appropriate.  As noted above, BidSoft is owned and controlled by AMS and AMS Investors.  On December 8, 1999, AMS granted to BidSoft "an exclusive, irrevocable, perpetual, fully-paid up, royalty-free, unlimited, worldwide license" in the OnLine Ringman software and the OnLine Ringman Mark. (Defendant's Mem. in Opp'n to Mot. to Amend Ex. 4 [266] ¶¶ 1(a), 2(a).) Additionally, the license agreement provides that, unless otherwise agreed, "BidSoft shall have the sole right and discretion to bring or defend infringement actions or unfair competition proceedings involving the [OnLine Ringman Mark]" and "shall receive any and all benefit, judgment and proceeds from any infringement or unfair competition proceedings involving the [OnLine Ringman Mark]."  (Id. ¶ 1(f).)  BidSoft, in turn, granted to AMS a "non-exclusive, revocable, limited sublicense to use the [OnLine Ringman Mark] and the Software solely for the purpose of meeting the obligations of AMS" as the "exclusive sales and marketing representative, support service provider and business operations

manager for the OnLine Ringman product line and all other AMS software." (Id. ¶ 4; Defendant's Mem. in Opp'n to Mot. to Amend Ex. 5 [266] § 4.07(a).)  This sublicense is terminable at the discretion of BidSoft.  (Defendant's Mem. in Opp'n to Mot. to Amend Ex. 4 [266] ¶ 4.)  When this action was initially filed, AMS did not disclose BidSoft as an interested party.  On September 13, 2005, however, AMS filed a revised certificate of interested persons identifying BidSoft and Eagle.

On these facts, the Court finds the addition of BidSoft to be appropriate. BidSoft was not disclosed as an interested party early in this litigation despite the fact that it is the holder of an exclusive license in the OnLine Ringman software which Manheim alleges infringes the '873 patent and the OnLine Ringman Mark which AMS alleges is infringed.  Absent agreement to the contrary, BidSoft retains the sole right to bring actions for infringement of the OnLine Ringman Mark and unfair competition, as well as the right to any judgment recovered in such an action.  Based on the previously undisclosed relationship between AMS and BidSoft, the Court finds any claim of undue delay or prejudice by either entity unpersuasive.  Moreover, based on the close, direct relationship between BidSoft and AMS, as well as the fact that any

7

defenses to infringement heretofore asserted by AMS will be largely, if not entirely, identical to those of BidSoft, the Court believes that BidSoft may be added to this action without significant alteration of the Court's Scheduling Order.

In light of the foregoing, Manheim's Motion for Leave to Amend is hereby **GRANTED** as to BidSoft.

2.  Addition of ABC

The Court declines to add ABC to this action.  Although leave to amend should be freely granted, FED. R. CIV. P. 15(a), the Court may decline to grant such leave "when the amendment would prejudice the defendant, [or] follows undue delays."  Campbell, 166 F.3d at 1162.  That Manheim has been aware of the allegedly infringing activities of ABC for some time is beyond dispute.  In fact, Manheim based its August 15, 2005 infringement contentions directed at AMS, at least in part, on ABC's use of the OnLine Ringman product.  Moreover, the record reveals that Manheim was aware of ABC's alleged infringement of the '873 patent since as early as 2001.  Despite this awareness, Manheim elected not to join ABC in this action when it moved for leave to file its First Amended Counterclaim in June 2005.

8

The Court is certainly aware that it is not unusual to refrain from asserting a patent against a sublicensee who merely licenses an allegedly infringing product.  Furthermore, the Court recognizes that, in light of the newly discovered relationship between the entities involved, as well as ABC's financial contribution to Eagle and its resulting financial interest, ABC may appear more culpable for its allegedly infringing activities.  Nevertheless, the Court struggles to see how, legally, Manheim's position at this point *vis-a-vis* ABC differs in any material way from when it filed its First Amended Counterclaims.  In view of this delay, which on the facts before it, the Court deems undue, as well as the possibility that claim construction proceedings in this action would be delayed any further than as provided for below,[1] the Court declines to join ABC in this action at this point.  As such, Manheim's Motion to Amend is hereby **DENIED** as to ABC.

---

[1] The Court notes that in light of the fact that it will oversee and render a single construction of the '873 patent for both Auction Management Solutions, Inc. v. Manheim Auctions, Inc., No. 1:05-CV-0639-RWS, and Manheim Services Corp. v. Copart, Inc., No. 1:05-CV-1527-WSD, currently assigned to Judge William S. Duffey, any delays impact not only this Court's docket, but also that of other Court's in this District.

9

### C. Scheduling Issues

Manheim shall file its Second Amended Answer and Counterclaims reflecting the addition of BidSoft as a party to this action within five (5) days of entry of this Order, and shall effect service of process on BidSoft consistent with the provisions of Federal Rule of Civil Procedure 4. BidSoft shall file its answer and any motions in accordance with the Federal Rules of Civil Procedure. BidSoft shall participate, to the extent it deems appropriate, in any ongoing discovery in this action commencing immediately upon the entry of this Order. All discovery shall be governed by the terms of this Court's December 1, 2005 Protective Order.

Additionally, Manheim shall serve a copy of its Local Patent Rule 4.1 infringement contentions on BidSoft within five (5) days of the entry of this Order. Pursuant to Local Patent Rule 4.4(b), BidSoft shall have thirty (30) days from the date of service to file its Local Patent Rule 4.2 responses and Local Patent Rule 4.3 invalidity contentions. The remainder of the Court's Scheduling Order of November 22, 2005 is hereby modified as follows:

10

| | |
|---|---|
| LPR 6.1 Exchange of proposed terms for claim construction of the '612 and '873 patents | March 16, 2006 |
| LPR 6.2 Exchange of preliminary constructions of claim terms for the '612 and '873 patents | April 4, 2006 |
| LPR 6.3 Joint claim construction statement for the '612 and '873 patents | April 24, 2006 |
| LPR 6.5(a) Opening claim construction briefs for the '612 and '873 patents | May 15, 2006 |
| LPR 6.5(b) Responsive claim construction briefs for the '612 and '873 patents | June 5, 2006 |
| LPR 6.6 Claim construction hearings for the '612 and '873 patents | To be determined |

## II.  AMS's Motion for Protective Order Regarding 30(b)(6) Depositions

The parties are in agreement that Manheim is entitled to one full day of Rule 30(b)(6) deposition testimony on issues related to the '873 patent. The parties have a limited dispute, however, as to the length of the deposition of the

11

AMS Rule 30(b)(6) designee, Nancy Rabenold, on all other noticed issues including those related to the '612 patent, AMS's claims of trademark infringement, and AMS's claims of unfair competition.  Specifically, the narrow issue before the Court is whether the deposition of Ms. Rabenold, which will constitute both her individual deposition and that of AMS on the above issues, should span two or three days.

AMS has proposed that Ms. Rabenold's deposition be conducted over the course of two consecutive days.  Initially, AMS contends that Defendants are entitled to only one day of deposition testimony because Ms. Rabenold's knowledge is indistinguishable from that of AMS.  Nevertheless, AMS asserts that a deposition spanning two days strikes the proper balance between allowing Defendants to adequately examine AMS regarding the complex issues in this case, and burdening Ms. Rabenold in the conduct of AMS's business.  That said, AMS has indicated that it would not object to a limited extension, apparently at its discretion, of Ms. Rabenold's deposition beyond the two seven-hour days.

Defendants Manheim, Live Global Bid, Inc., Live Global Communications, Inc. ("LGB") and Adesa, Inc. jointly contend that they require

12

three full days of deposition testimony from Ms. Rabenold.  Defendants' justification for an additional day of deposition testimony is threefold.  First, because the litigation between AMS and Adesa has advanced, Manheim, LGB, and Adesa will jointly depose AMS, thereby allowing AMS to provide only one Rule 30(b)(6) deposition on topics relating to the '612 patent in the two separate actions it has brought.  Second, numerous topics will be covered including those related to the '612 patent, as well as AMS's claims of trademark infringement and unfair competition against Manheim.  Third, because written discovery has not produced information related to certain alleged public uses and/or offers for sale of the OnLine Ringman product which may render the '612 patent invalid and unenforceable, Defendants contend that the deposition of AMS may present the only avenue for meaningful discovery on this issue.

Under the Federal Rules of Civil Procedure, where a corporation designates a single individual to testify as to all noticed issues under Rule 30(b)(6), Rule 30(d)(2)'s presumptive limit of one seven-hour day applies.  But, Rule 30(d)(2) expressly provides that the time for conducting a deposition may be extended by order of the court or stipulation of the parties.  FED. R. CIV. P. 30(d)(2) ("Unless otherwise authorized by the court or stipulated by the parties,

13

a deposition is limited to one day of seven hours."). The Advisory Committee Notes to Rule 30(d) provide a list of factors courts may consider in determining whether such an extension is warranted. These include the need for an interpreter, whether the examination will cover events occurring over a long period of time, whether the witness will be questioned about numerous or lengthy documents, and, in multi-party cases, whether each party will need to examine the witness individually. FED. R. CIV. P. 30(d)(2) advisory committee notes.

The Court finds that extending Ms. Rabenold's deposition to three days is justified in this case. First, the issues regarding public uses or offers for sale occurring more than one year before the effective filing date of the patent are complex, and it appears that, to this point, Defendants have been unable to resolve these issues through written discovery. These events occurred long ago and the precise substance of any demonstrations or offers for sale goes to the heart of this litigation--the validity and enforceability of the '612 patent. Those Defendants against whom that patent has been asserted should be provided an adequate opportunity to examine AMS on this issue. Moreover, the Court notes that Defendants have agreed to jointly depose AMS on all issues related to the

AO 72A
(Rev.8/82)

'612 patent, thereby allowing AMS to provide only one 30(b)(6) deposition on these issues.  While "duplicative questioning should be avoided and parties with similar interests should strive to designate one lawyer to question about areas of common interest," FED. R. CIV. P. 30(d)(2) advisory committee notes, counsel for each Defendant should be provided an adequate opportunity to question AMS regarding the asserted patent.  Finally, Manheim should be provided with an adequate opportunity to address those claims asserted against it which are not asserted against the other Defendants.

In light of the foregoing, Manheim shall have one full day of 30(b)(6) deposition testimony on issues related to the '873 patent.  Defendants shall have three days of deposition testimony from Ms. Rabenhold on all other noticed issues, including those related to the '612 patent, AMS's claims of trademark infringement, and AMS's claims of unfair competition.  These three days shall constitute both the 30(b)(6) deposition of AMS and Ms. Rabenold's deposition in her personal capacity.  The depositions may, but need not, be conducted consecutively, however, the Court expects that counsel for all parties will endeavor to schedule these depositions in a manner that is sensitive, not only to Defendants' need to obtain discovery on the noticed topics, but also to the

15

needs of AMS as a business entity. Based on the foregoing, Plaintiff and Counterclaim Defendant's First Motion for Protective Order Filed in Response to Defendants' Letter Brief of July 7, 2005 Regarding Timing and Scope of Deposition of Plaintiff AMS under FRE 30(b)(6) [120] is hereby **DENIED**.

## Conclusion

Accordingly, for the reasons set forth herein, Manheim's Motion to Amend Counterclaims in Light of Newly Discovered Evidence [253, 254] is hereby **GRANTED IN PART and DENIED IN PART**; Plaintiff and Counterclaim Defendant's First Motion for Protective Order Filed in Response to Defendants' Letter Brief of July 7, 2005 Regarding Timing and Scope of Deposition of Plaintiff AMS under FRE 30(b)(6) [120] is hereby **DENIED**; the Motion to Intervene for the Limited Purpose of Filing by December 9, 2005 a Brief in Response to Docket No. 253 [267] by BidSoft, LLC and Auction Broadcasting Company, LLC is hereby **GRANTED nunc pro tunc**.

**SO ORDERED** this  24th  day of January, 2006.

/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE