IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| AUCTION MANAGEMENT SOLUTIONS, INC., | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 1:05-CV-0639-RWS |
| MANHEIM AUCTIONS, INC., et al., | : : | |
| Defendants. | : : : | |

## ORDER

Now before the Court is Defendant Manheim Auctions, Inc. and Defendant-Counterclaimant Manheim Services Corp.'s Motion for Reconsideration [306-1]. After considering the entire record, the Court enters the following Order.

### Background

Manheim Auctions and Manheim Services (collectively "Manheim") seek reconsideration of this Court's January 24, 2006 Order [294] granting in part and denying in part Manheim's Motion to Amend Counterclaims in Light of Newly Discovered Evidence. Specifically, Manheim now requests that this

Court reconsider its decision denying Manheim leave to join Auction

Broadcasting Co., LLC ("ABC") as a counterclaim defendant in this action.

For the reasons that follow, the Court declines to reconsider its prior ruling and

denies the instant motion.

**Discussion**

The Court's decisions are "not intended as mere first drafts, subject to

revision and reconsideration at a litigant's pleasure," Quaker Alloy Casting Co.

v. Gulfco Indus., Inc., 123 F.R.D. 282, 287 (N.D. Ill. 1988), and motions for

reconsideration should not be filed as a matter of routine practice.  LR 7.2(E),

NDGa.  Rather, such motions "should be reserved for certain limited situations,

namely the discovery of new evidence, an intervening development or change

in the law, or the need to correct a clear error or prevent a manifest injustice."

Deerskin Trading Post, Inc. v. United Parcel Serv. of Am., Inc., 972 F. Supp.

665, 674 (N.D. Ga. 1997) (citing Preserve Endangered Areas of Cobb's History

v. United States Army Corps of Engineers, 916 F. Supp. 1557, 1560 (N.D. Ga.

1995), aff'd, 87 F.3d 1242 (11th Cir. 1996)).  Given the narrow scope of

motions for reconsideration, they may not be used in a variety of circumstances.

A motion for reconsideration may not be used to offer new legal theories or

2

evidence that could have been presented in a previously filed motion or response, unless a reason is given for failing to raise the issue at an earlier stage in the litigation.  Escareno v. Noltina Crucible & Refractory Corp., 172 F.R.D. 517, 519 (N.D. Ga. 1994) (citing O'Neal v. Kennamer, 958 F.2d 1044, 1047 (11th Cir. 1992)).  Similarly, a motion for reconsideration may not be used "to present the court with arguments already heard and dismissed or to repackage familiar arguments to test whether the court will change its mind."  Bryan v. Murphy, 246 F. Supp. 2d 1256, 1259 (N.D. Ga. 2003).  Finally, "[a] motion for reconsideration is not an opportunity for the moving party . . . to instruct the court on how the court 'could have done it better' the first time."  Preserve Endangered Areas of Cobb's History, 916 F. Supp. at 1560.

Manheim purports to offer four reasons that this Court should reconsider its initial ruling.  Initially, Manheim argues that the Court's January 24, 2006 Order "rests on an error of fact" insofar as the Court "equat[ed] ABC's use of OnLine Ringman beginning in 2001 with ABC's infringement of [U.S. Patent No. 5,774,873 ("the '873 patent")]."  (Mem. in Supp. [306-1] at 1.)  This contention warrants little discussion.  First, although Manheim asserts, in the introductions to both its memorandum of law in support of its Motion for

Reconsideration, as well as its Reply, that the Court's alleged error of fact requires that it reconsider its prior ruling, Manheim's filings are entirely devoid of argument on this point.  (<u>See</u> Mem. in Supp. at 5-7; Reply in Supp. [311] <u>passim</u>.)  Second, and more importantly, even assuming that the Court's statement that Manheim had knowledge of ABC's use of OnLine Ringman as early as 2001 constitutes a factual error, the Court's decision to deny Manheim leave to amend was not predicated on this fact.  Rather, the Court's decision was based primarily on the fact that Manheim was fully aware of ABC's direct infringement of the '873 patent at the time that Manheim sought leave to file its first amended counterclaims in June 2005.[1]  (<u>See</u> Order of Jan. 24, 2006 at 5-6.) As the Court explained, in light of this knowledge, Manheim's affirmative decision to forego claims against ABC at that point, only to move to assert them some six months later–at a time when claim construction proceedings in three cases were ongoing and the joinder of additional parties would necessitate

---

[1] Manheim has conceded that ABC could have been joined as a direct infringer in June 2005 when Manheim sought leave to amend its answer and assert counterclaims for infringement of the '873 patent. (<u>See</u> Mem. in Supp. of Mot. for Reconsid. at 3 (discussing its theory of joint infringement and stating that "[Manheim] could have sought to join ABC as a direct infringer in June 2005 when it sought leave to assert the '873 patent against AMS. . . .").)

4

substantial delay of those proceedings–constitutes undue delay sufficient to preclude amendment notwithstanding the general principle of Rule 15 that leave to amend should be freely granted.  Accordingly, the Court declines to reconsider its prior ruling on this basis.

Second, Manheim argues that it would be "manifestly unjust" to require Manheim to pursue separate litigation against ABC for infringement of the '873 Patent because (1) "evidence of ABC's direct infringement of the '873 patent is central to [Manheim]'s claims that AMS induces and contributes to the infringement" of that patent, and as such, "the very same evidence [regarding ABC's direct infringement] would need to be presented to two different juries"; and (2) if Manheim is required to bring a separate action against ABC, "two courts may be required to construe the same claims of the '873 patent," which Manheim contends is "inefficient for [both] the Courts and the parties."  (Mem. in Supp. of Mot. for Reconsid. at 6-7.)  Of course, while this is all perhaps true, these same considerations were no less present when Manheim affirmatively elected not to assert claims of infringement against ABC in June 2005.  To be sure, the Court is cognizant of the fact that Manheim lacked information regarding ABC's alleged role in the development of the OnLine Ringman

5

System, and the Court in no way wishes to condone the concealment of potentially relevant information.  Nevertheless, the fact remains that since at least June 2005, Manheim believed that ABC directly infringed the '873 patent, and yet, for some unexplained reason, decided not to assert claims against it.  In view of this fact, and in the absence of any reasoned explanation for that decision from Manheim, the Court finds Manheim's claims of prejudice stemming from being "require[d]" to "address ABC's infringement of the '873 patent in a separate lawsuit" unavailing.

Third, Manheim contends that joinder of ABC should have been permitted because the newly discovered evidence of the close relationship between AMS and ABC "supplied the basis for [Manheim]'s claim that ABC and AMS jointly infringe the '873 patent."  (Mem. in Supp. of Mot. for Reconsid. at 6.)  As AMS correctly points out, Manheim has yet to explain to the Court the significance of its joint infringement theory as it relates to the joinder of ABC.  In the absence of such explanation,[2] and after conducting its

---

[2] AMS described the joint infringement theory of liability as follows:

> Joint infringement typically involves a process claim, as opposed to system claims, which are the only type of claims recited in the '873 patent. . . .  Further, the joint infringement

AO 72A
(Rev.8/82)

own review of the authorities holding joint infringement claims to be viable, the

Court does not perceive Manheim's newly discovered evidence of ABC's

alleged relationship with AMS to be relevant to the issue of whether ABC

should be joined in this action.

As a general rule, " '[t]o prove direct infringement, the plaintiff must

establish . . . that one or more claims of the  patent read on the accused device

literally or under the doctrine of equivalents.' " <u>Cross Med. Prods., Inc. v.</u>

<u>Medtronic Sofamor Danek, Inc.</u>, 424 F.3d 1293, 1310 (Fed. Cir. 2005) (quoting

<u>Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.</u>, 261 F.3d 1329,

1336 (Fed. Cir. 2001)).  Where a defendant participates in infringement, but

---

> question arises when a defendant does not perform all steps
> of the patented process, but instead directs an agent under its
> control to perform one or more of the steps in an attempt by
> the defendant to avoid directly infringing the patent. [Cit.]
> The joint infringement doctrine holds that in such a situation,
> where the defendant directs and controls performance of all
> steps of the patented process, even though it does not itself
> perform all the steps, it may be held liable for direct
> infringement of the patent. [Cit.]

(AMS Resp. in Opp'n to Mot. for Reconsid. [309] at 7-8.)  In Reply, Manheim states only
that it "do[es] not agree with AMS's interpretation of the doctrine."  (Reply in Supp. of
Mot. for Reconsid. [311] at 3 n.1.)  Manheim does not, in any way, explain what
precisely it does not agree with, or how, under its interpretation of the joint infringement
theory, this militates in favor of the addition of ABC.

does not directly infringe the patent, the normal remedy for the patent-holder is through a claim of indirect infringement. But, "indirect infringement, whether inducement to infringe or contributory infringement, can only arise in the presence of direct infringement." Dynacore Holdings Corp. v. U.S. Philips Corp., 363 F.3d 1263, 1272 (Fed. Cir. 2004); see also Aquatex Indus., Inc. v. Techniche Solutions, 419 F.3d 1374, 1380 (Fed. Cir. 2005) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement.") (quoting Joy Techs., Inc. v. Flakt, Inc., 6 F.3d 770, 774 (Fed. Cir. 1993)). Circumstances arise, however, especially in the context of method or process patents, where defendants in essence divide the performance of claim elements between related entities such that each defendant participates in the infringement of the patent, but direct infringement cannot be shown because no one party's actions read on each and every element of the patent claim or claims. In such a situation, the patent-holder would be without a remedy because, as discussed above, direct infringement of the patent is a prerequisite for the establishment of indirect infringement. In response to this inequity in the patent system, several district courts have imposed liability for direct infringement under a joint infringement

theory.  See, e.g., Marley Mouldings Ltd. v. Mikron Indus., Inc., 2003 WL

1989640, at *2 (N.D. Ill. 2003 (collecting cases).  These courts generally reason

that

> A party cannot avoid direct infringement merely by
> having another entity perform one or more of the
> required steps when that party is connected with the
> entity performing one or more of the required steps.
> Under such facts, the party that is contracting out part
> of the process or method and then completing the
> process may be infringing the patented invention
> because that party, through its connection with the
> entity performing only part of the process, is in
> actuality performing the combination of each and
> every step of the claimed method.

Id. at *3.

        The inequitable circumstances described above which have given rise to

the theory of joint infringement are simply inapplicable in this case.  That is to

say, Manheim has not alleged that ABC and AMS's actions read on some, but

not all, of the claim elements, and thus neither could be held liable for direct

infringement of the '873 patent absent consideration of the actions of the other.

To the contrary, Manheim alleges that ABC directly infringes the '873 patent

and, in fact, relies on this alleged direct infringement to establish its indirect

9

infringement claims against AMS.  In light of ABC's alleged direct infringement of the '873 patent, reliance on a joint infringement theory is unnecessary.  Manheim may proceed in this action against AMS on an indirect infringement theory, and may further proceed, albeit in a separate action, against ABC on a direct infringement theory.  As such, on the facts of this case, the Court declines to reconsider its decision denying Manheim leave to join ABC in this action based on Manheim's assertion of a joint infringement theory.

Fourth, Manheim argues that the Court need not concern itself with any delay in claim construction proceedings which would be necessitated by the addition of ABC because "the schedule for claim construction may need to be changed for reasons unrelated to the joinder of ABC."  (Mem. in Supp. at 7.) Specifically, Manheim argues that because it has filed a motion for leave to amend its complaint in Manheim Servs. Corp. v. Copart, Inc., Civil Action No. 1:05-cv-1527-WSD (N.D. Ga. filed June 10, 2005), to assert claims of infringement of a new, related patent, "the grant of that motion may alleviate scheduling concerns raised by joinder of ABC."  (Reply in Supp. of Mot. for Reconsid. at 7.)  The problem with this argument, of course, is that it presumes

AO 72A
(Rev.8/82)

that Manheim's motion will be granted.  In essence, Manheim invites this Court to allow the joinder of ABC–and in so doing, impose certain, substantial delays in claim construction proceedings in three separate cases–based on nothing more than the future possibility that Manheim will be allowed to amend its complaint in its action against Copart.  The Court finds this rationale for reconsideration unpersuasive and declines Manheim's invitation.  Instead, the Court, in an effort to bring these cases to resolution, will advance the claim construction proceedings in the three cases currently before it in a manner consistent with the schedule set forth in its January 24, 2006 Order.  As such, the Court declines to reconsider its prior decision on this ground.

<h2 style="text-align:center">Conclusion</h2>

Accordingly, for the reasons set forth herein, Manheim's Motion for Reconsideration [306-1] is hereby **DENIED**.

**SO ORDERED** this __11th__ day of April, 2006.

/s/ Richard W. Story
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

11